UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLEM CHRISTOFFEL JACOBUS VENTER, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>NYE COUNTY,<br><br>    Defendant. | Case No.: 2:24-cv-00723-GMN-DJA<br><br>**ORDER GRANTING MOTION TO DISMISS IN PART** |

Pending before the Court is a Motion to Dismiss, (ECF No. 12), filed by Defendant Nye County. Plaintiffs Willem Christoffel Jacobus Venter and Robert James Hutchison filed a Response, (ECF No. 15), to which the Defendant filed a Reply, (ECF No. 18).

Because the *Younger* abstention doctrine applies, the Court **GRANTS in part and DENIES in part** the Motion to Dismiss.

I.      **BACKGROUND**

This case arises out of citations issued against Plaintiffs for violations of Nye County Codes. (*See generally* Compl., ECF No. 1). Plaintiff Hutchison purchased property in Amargosa Valley, Nevada, and owns trailers that are parked on the property. (*Id.* ¶ 9). He contends that Nye County officials acted on a "vindictive citizen complaint" and harassed him regarding his use of the property. (*Id.* ¶¶ 10–11). Hutchison attempted to comply with the officials' requests, but he alleges that destroying his trailers and property would result in large financial loss. (*Id.* ¶¶ 13–14). He received a citation for violations of the International Property Maintenance Code, ("IPMC"), which has been adopted as part of the Nye County Codes. (*Id.* ¶ 16, 21). Hutchison alleges that the geographic scope of the IPMC has been limited to the Pahrump Regional Planning District, and thus it does not apply to his property outside of Pahrump. (*Id.* ¶¶ 25, 32).

Page 1 of 8

Plaintiff Venter also purchased property in Nye County, but in the town of Beatty. (*Id.* ¶ 17). He similarly alleges that Nye County officials harassed him about his use of the property, and although he attempted to act in good faith to resolve the issues, he received a citation. (*Id.* ¶¶ 18–20). Plaintiffs contend that they cannot appeal the citations because Nye County did not implement a Board of Appeals as required by the IPMC. (*Id.* ¶ 31). Plaintiffs are currently being criminally prosecuted for their violations. (*Id.* ¶¶ 32–33).

Plaintiffs bring seven claims against Nye County. They first bring a claim for injunctive relief, seeking to enjoin the county from issuing citations or prosecuting them. (*Id.* ¶¶ 34–40). They also claim that Nye County committed Equal Protection and Due Process violations because they improperly issued citations, prosecuted criminal charges, and failed to implement the Board of Appeals. (*Id.* ¶¶ 41–62). Plaintiffs further allege state law claims for negligent hiring, retention, supervision and training, intentional misrepresentation, and negligent misrepresentation. (*Id.* ¶¶ 63–82). Lastly, they request a declaratory judgment that the citation was improperly issued because the Code is limited in its geographical scope and Nye County did not establish the requirements necessary for implementation of the appeals process. (*Id.* ¶¶ 83–88). Nye County moves to dismiss all claims against it.

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. DISCUSSION

Nye County moves to dismiss Plaintiffs' Complaint on three grounds. First, it argues that Plaintiffs failed to exhaust the administrative remedies made available to them under the Nye County Code. (Mot. Dismiss 8:6–9:9). Second, it contends that the underlying allegations are insufficient to state a claim for an Equal Protection or Due Process violation. (*Id.* 9:12–14:3). And third, Nye County argues that Plaintiffs' claims should be stayed or dismissed per the *Younger* doctrine, pending the resolution of their criminal cases in Nevada state court. (*Id.* 14:5–15:5). Because the Court finds that the *Younger* abstention doctrine applies, it does not address Defendant's additional arguments for dismissal.

"In *Younger v. Harris*, the Supreme Court reaffirmed the long-standing principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014). The *Younger* doctrine reflects "a strong federal policy against federal-court interference with pending state judicial proceedings." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Abstention is appropriate when (1) there is "an ongoing state judicial proceeding," (2) the "proceedings implicate important state interests," (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges," and (4) the relief seeks to enjoin, or has the effect of enjoining, ongoing state proceedings. *ReadyLink Healthcare, Inc.*, 754 F.3d at 758 (quoting *Middlesex Cnty.*, 457 U.S. at 432). When all four of these requirements are met, federal courts must abstain because "there is no

discretion vested in the district courts to do otherwise." *Nichols v. Brown*, 945 F. Supp. 2d 1079, 1095 (C.D. Cal. 2013).

Defendant argues that all *Younger* factors are met in this case, and thus the Court should dismiss Plaintiffs' claims or stay the case. (Mot. Dismiss 14:11–15:5). Plaintiffs respond that the Court should not abstain because they have alleged that Defendant acted in bad faith and for harassment, which is an exception to the *Younger* doctrine. (Resp. 7:14–8:3). The Court begins by evaluating whether the *Younger* factors are met in this case.

**A. Ongoing State Judicial Proceedings**

The first requirement is clearly met when, "at the time the complaint was filed in federal court," the plaintiffs were "subjects of pending criminal prosecutions in state court." *Dubinka v. Judges of Superior Ct. of State of Cal. for Cnty. of Los Angeles*, 23 F.3d 218, 223 (9th Cir. 1994). "Whether the state proceedings are 'pending' is not determined by comparing the commencement dates of the federal and state proceedings." *Polykoff v. Collins*, 816 F.2d 1326, 1332 (9th Cir. 1987). "Rather, abstention under *Younger* may be required if the state proceedings have been initiated 'before any proceedings of substance on the merits have taken place in the federal court.'" *Id.* (quoting *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 238 (1984). The state proceeding will remain "pending" for the purposes of the *Younger* analysis until state appellate remedies are exhausted. *Dubinka*, 23 F.3d at 223.

The first requirement is satisfied. Plaintiffs allege in their Complaint, and Defendant agrees, that Plaintiffs are being criminally prosecuted for their alleged code violations. (Compl. ¶¶ 32–33); (Mot. Dismiss 15:1–2) (explaining that "state criminal proceedings against Plaintiffs are ongoing"). Additionally, the instant action remains at the pleading stage, Defendant has not yet filed an answer, and the Court has not yet decided any of the issues on their merits. So there have been no proceedings of substance on the merits yet in federal court.

### B. The Proceedings Implicate an Important State Interest

"The key to determining whether comity concerns are implicated in an ongoing state proceeding—and thus whether the second *Younger* requirement is met—is to ask whether federal court adjudication would interfere with the state's ability to carry out its basic executive, judicial, or legislative functions." *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 883 (9th Cir. 2011). "Where the state is in an enforcement posture in the state proceedings, the 'important state interest' requirement is easily satisfied, as the state's vital interest in carrying out its executive functions is presumptively at stake." *Id.* at 883–84. A state must be permitted to "enforce . . . laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and the Constitution." *Younger v. Harris*, 401 U.S. 37, 51–52 (1971). The state's enforcement of its laws in this case satisfies the second requirement.

### C. Adequate Opportunity to Raise Constitutional Challenges

"The 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). It is sufficient that federal constitutional claims may be raised during state court judicial review of the criminal proceedings proceeding. *See Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 629 (1986); *Fresh Int'l Corp. v. ALRB*, 805 F.2d 1353, 1362 (9th Cir. 1986) (abstention applicable because plaintiff "could have presented [its federal claim] to the court of appeal in its petition for review"). In this case, Plaintiffs did not argue that they would be unable to raise their constitutional claims in state court, and Defendant asserts that they already have. (*See* Mot. Dismiss 15:3). The third requirement is thus also met.

### D. Relief Seeks to Enjoin Ongoing State Proceedings

The relief Plaintiffs seek—injunctive relief to "enjoin Defendant and any person(s) acting for or on its behalf, from issuing citations, and/or prosecuting Plaintiff[s]," and declaratory relief that the property codes do not apply to their properties—would directly interfere with the state court proceedings. (Compl. ¶¶ 35, 87). And so would their requests for damages stemming from the issuance of citations, as rulings on those claims could interfere with rulings on the same or similar issues in state court. Therefore, all four *Younger* factors are met here.

### E. No Exception Applies

Even if all *Younger* factors are met, the Court must examine whether the state proceeding is characterized by bias, bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate. *Kenneally v. Lungren*, 967 F.2d 329, 332 (9th Cir. 1992). Bad faith typically means that "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003*); see also Tankersley v. Arcand*, 2016 WL 8730740, at *7 (E.D. Cal. May 27, 2016) ("The Ninth Circuit has found *Younger* abstention [ ]applicable where: '[plaintiff's] allegations . . . fall far short of establishing bad faith of the sort sufficient to invoke [the bad faith and harassment] exception. There was no allegation of repeated harassment by enforcement authorities with no intention of securing a conclusive resolution by an administrative tribunal or the courts, [ ] or of pecuniary bias by the tribunal.'") (quoting *Partington v. Gedan*, 961 F.2d 852, 861–62 (9th Cir. 1992)).

Plaintiffs argue that because Nye County prosecuted them under codes that do not apply to their properties and harassed them "based on authority [Nye County] does not have," the exception applies. (Resp. 7:14–15). The Court disagrees. Plaintiffs provide no factual allegations to support their claim that Nye County officials are harassing them, except that the

officials were acting to enforce the Nye County Code based on a "vindictive citizen complaint." (Compl. ¶ 11). But the vindictiveness of the complaint made does not necessarily lead to the conclusion that the officials acted on the complaint to harass Plaintiffs. Plaintiffs may have "attempted to act in good faith" to resolve property issues, but they do not allege that they complied with the county codes because doing so would be a large financial cost to them. (*Id.* ¶¶ 13–14, 19). Plaintiffs' allegations do not demonstrate that the prosecution was brought without the reasonable expectation of a conviction, and thus the Court will abstain until resolution of the state court proceedings.

### F.  Case is Stayed

"While the *Younger* abstention doctrine requires dismissal where declaratory or injunctive relief is sought, and a federal court should abstain from a damages claim where a necessary predicate of the claim for damages undermines a necessary element in the pending state proceeding, the court should stay, not dismiss, damages claims only 'until the state proceedings are completed.'" *Nichols*, 945 F. Supp. 2d at 1095 (quoting *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004)). "In other words, because in damages cases there may yet be something for the federal courts to decide after completion of the state proceedings, the federal court cannot simply dismiss the action and require the plaintiff to assert all of his claims in the state court." *Los Altos El Granada Inv'rs v. City of Capitola*, 583 F.3d 674, 689 (9th Cir. 2009).

Plaintiffs allege they are being "criminally prosecuted for the alleged code violations," and each of their claims for damages involve assertions that they have been improperly prosecuted and issued citations, and that the code does not apply to their property. (Comp. ¶¶ 32–82). Because those allegations are likely also central to the state court proceedings, the Court thus dismisses Plaintiffs' claims for declaratory and injunctive relief, but stays the additional claims for money damages. *See Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir.

2010) ("district court properly dismissed . . . claims for declaratory and injunctive relief," but "claims for money damages should have been stayed until the state court proceedings are completed"). Defendant's Motion to Dismiss is therefore GRANTED as to its *Younger* argument but DENIED without prejudice as to its other arguments. Defendants shall have leave to refile a Motion to Dismiss up to 30 days after the stay of this case is lifted.

## V.  CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 12), is **GRANTED in part and DENIED in part.** Plaintiffs' claims for injunctive relief and declaratory judgment are dismissed, and the remaining claims are stayed.

**IT IS FURTHER ORDERED** that this case is STAYED. The parties shall file a Joint Status Report every 90 days, beginning with 90 days from the date of this Order, informing the Court of the progress of the state court criminal proceedings.

**DATED** this  5   day of November, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT